# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABDUL KARIM KHANU,<br><br>Defendant. | Criminal Action No. 09-087 (CKK) |

## MEMORANDUM OPINION
(October 16, 2009)

Before the Court is the Government's [18] Notice of Intent to Offer Certain Evidence as Intrinsic to the Charged Crimes, Or, in the Alternative, as Admissible Pursuant to Federal Rule of Evidence 404(b).  Specifically, the Government intends to offer evidence that Defendant Abdul Khanu used cash to pay contractors to make capital improvements at his nightclubs, that he paid his employees in cash without reporting these payments to the IRS prior to 2002, and that he has not paid employment and sales taxes to the District of Columbia.  Defendant opposes the introduction of this evidence on the ground that it is not intrinsic to the crimes charged, and that even if it were admissible under Rule 404(b), it should be excluded under Rule 403 because its probative value is substantially outweighed by the prejudice that would result from its admission.  For the reasons explained below, the Court shall conditionally admit the evidence pursuant to Rule 404(b).  However, the Court shall defer judgment until trial as to whether the evidence should be excluded under Federal Rule of Evidence 403.

1



## I. BACKGROUND

Defendant Abdul Karim Khanu is charged with one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371, three counts of attempted tax evasion in violation of 26 U.S.C. § 7201, and eighteen counts of aiding and assisting in the preparation of filing false corporate income and employment tax returns in violation of 26 U.S.C. § 7206(2). The charges in the indictment pertain to Defendant's operation of several nightclubs in Washington, D.C. that were owned wholly or in part by Defendant. The indictment alleges that from at least November 1997 through December 2003, Defendant owned 24% of a corporation called TAF, Inc. ("TAF"), which was co-owned by three unindicted co-conspirators. Indictment ¶ 5. TAF operated a nightclub first known as DC Live and later renovated and reopened as VIP. *Id.* ¶ 6. Defendant separately formed a corporation called Abdul Productions II, Inc. for the purpose of running another nightclub called Platinum. *Id.* ¶¶ 7-8. Defendant initially owned 80% of Abdul Productions II, Inc. and, by 2002, owned 100%. *Id.* ¶ 7. The indictment alleges that Defendant and the co-owners of TAF conspired to skim cash from TAF's gross receipts so that the employees of TAF could be paid wages in cash, avoid paying employment taxes on those wages, assist the employees in avoiding paying income taxes, and concealing their own income and avoid income taxes. *Id.* ¶¶ 12-13. The indictment further alleges that Defendant skimmed cash from both TAF and Abdul Productions II, Inc. and prepared false corporate and individual income tax returns. *Id.* ¶¶ 25-38. According to the indictment, the means and method of the conspiracy included: paying employees all or part of their wages in cash; failing to report cash wages to the IRS; concealing cash wages by not maintaining accurate payroll records and by filing false corporate income tax returns; skimming cash from TAF for personal use and failing

to report this cash to the IRS as personal income; and, with respect to Khanu, concealing the skimmed cash by dealing extensively in cash, creating inaccurate corporate records, and filing false corporate and individual income tax returns with the IRS. Indictment ¶¶ 12-19.

## II. LEGAL STANDARD

The first issue before the Court is whether the evidence the Government intends to offer can be considered intrinsic to the crimes charged or whether it must be considered evidence of "other acts" subject to Federal Rule of Evidence 404(b). The distinction is meaningful because under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Of course, such "other acts" evidence may be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but the Defendant is entitled to a limiting instruction restricting the jury's consideration of the evidence to the purpose for which it is admitted. *See* Fed. R. Evid. 404(b), 105. By contrast, evidence that is "intrinsic" to the crimes charged is not subject to the limitations of Rule 404(b) because, by its very nature, it does not involve "other crimes, wrongs, or acts," and thus there is no concern that it might be used as improper character evidence. *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000).

Evidence is intrinsic if it is "inexplicably intertwined" with the charged crime. *Bowie*, 232 F.3d at 927-28. However, in practice, determining which of the defendant's acts are inexplicably intertwined with the charged crime and which are not is a difficult and often a frustrating task. The D.C. Circuit has rejected a broad construction of the "inexplicably intertwined" test, noting that evidence needed only to "complete the story" or "explain the

circumstances" is not intrinsic to the charged crime. *Bowie*, 232 F.3d at 929. Rather, "if the evidence is of an act that is part of the charged offense, it is properly considered intrinsic. In addition, some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Id.* However, "it cannot be that all evidence tending to prove the crime is part of the crime." *Id.*

For example, in *United States v. Bowie*, the D.C. Circuit held that evidence that the defendant had been caught with counterfeit currency one month prior to his arrest for possession of counterfeit bills with the exact same serial numbers was not intrinsic to the later crime of possession. 232 F.3d at 929. The Court concluded that although all of the bills "were doubtless from the same batch, and the evidence indicated that Bowie purchased them at one time[,] . . . the indictment charged him only with possession of the counterfeit bills found on [the later date]." *Id.* By contrast, in *United States v. Alexander*, 331 F.3d 116 (D.C. Cir. 2003), the court concluded that evidence that the defendant had a gun in his possession just minutes before he was arrested for unlawful possession of a firearm constituted direct evidence of the charged crime and not evidence of an "other" act. *Id.* at 125-26. These cases demonstrate that few acts may be truly intrinsic to the charged crime.

However, where the crime charged is conspiracy, evidence closely related to the conspiracy alleged in the indictment is admissible as intrinsic evidence. *See United States v. Badru*, 97 F.3d 1471, 1475 (D.C. Cir. 1996) (quoting 22 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5239, at 450 (1978) ("In cases where the incident offered is part of the conspiracy alleged in the indictment, the evidence is admissible under Rule 404(b) because it is not an 'other' crime. The evidence is offered as direct evidence of the fact in issue.") However, when evidence of prior acts relates to actions substantially

4

different from the goals of the conspiracy charged, and occurs prior to the commencement of the conspiracy period, that evidence is better analyzed as falling under the purview of Rule 404(b). *United States v. Morrow*, Crim. No. 04-355, 2005 WL 3159572, at *8 (D.D.C. 2005).

If the evidence is not intrinsic to the charged crimes, it is generally admissible under Rule 404(b) for any purpose other than to prove character and to show action in conformity therewith. *See Bowie*, 232 F.3d at 929-30 ("Rule 404(b) is a rule of inclusion rather than exclusion.") The government need not show that the evidence is being offered for one of the purposes specifically enumerated in the rule. *Id.* Rather, the government need only show that it is offered for a valid purpose other than to prove the defendant's propensity to commit similar acts.

Regardless of whether evidence is admitted as intrinsic to the charged crimes or as "other acts" evidence under Rule 404(b), the evidence may be excluded under Rule 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

### III. DISCUSSION

The Government has given notice of its intent to introduce three categories of evidence against the Defendant. The Court must determine first whether the evidence the Government intends to offer is "intrinsic" to the charged crimes or subject to Rule 404(b). The Court shall therefore review the Government's proposed evidence, make that determination, and then turn to the question of whether the evidence should be excluded under Rule 403.

**A.     Alleged Cash Payments to Contractors**

The Government intends to introduce evidence proving that Defendant was responsible for hiring contractors to make improvements to both nightclubs and paid these contractors in

cash. *See* Notice at 3-4. Specifically, the Government intends to show that Defendant tracked these cash payments using "white slips," a form of preprinted receipt that the payee would sign acknowledging payment for goods and services rendered. Notice at 4. The Government intends to show that Defendant issued these "white slips" to contractors within the conspiracy period and during the same time that he paid his employees in cash. *Id.* The Government argues that the cash payments to contractors follows a "similar pattern of concealing financial activity from the IRS" that Defendant used with respect to paying his employees. *Id.* The Government also argues that this evidence demonstrates that Defendant had a large source of cash at his disposal, which is integral to its theory of the case against Defendant.

The Court finds that the evidence of cash payments to contractors is not intrinsic to the crimes charged. The indictment makes no mention of cash payments to contractors,[1] and there does not appear to be any direct connection between the payments to contractors and the payments to employees. To be sure, the alleged payments to contractors are contemporaneous with the conduct alleged in the indictment, but that alone is not enough to make the payments intrinsic evidence of the conspiracy. However, the evidence is admissible under Rule 404(b) because it has some, albeit minimal, probative value in showing that Defendant had the knowledge and opportunity to manage his expenses in cash with minimal record keeping.

**B.     Alleged Cash Payments to Employees Prior to 2002**

The Government also intends to introduce evidence that Defendant was paying employees of Abdul Productions II, Inc. in cash and failing to report those wages to the IRS prior to 2002.

---

[1] The Court also notes that making cash payments to contractors without reporting them to the IRS is not illegal because no employment taxes are owed on money paid to contractors. Should the Court ultimately admit this evidence, the Court may explain this fact to the jury in an appropriate limiting instruction.

6

*See* Notice at 4. Counts 9-15 of the indictment make identical allegations with respect to quarterly employment tax returns during 2002 and 2003, but the Government could not charge Defendant for acts committed prior to 2002 because of the statute of limitations. *Id.* The Government contends that the pre-2002 conduct is admissible as intrinsic evidence of his later crimes. *Id.*

The Court holds that the pre-2002 evidence cannot be considered intrinsic to the crimes charged. In *United States v. Bowie*, the D.C. Circuit concluded that evidence of an earlier crime that was nearly identical to and factually connected to a charge in the indictment could not be considered intrinsic evidence of the crime charged. 232 F.3d at 929. Similarly, evidence that Defendant committed the same crimes as charged in the indictment prior to 2002 cannot be considered intrinsic but rather must be seen as evidence of other bad acts. The Government also contends that this pre-2002 evidence of misconduct at Abdul Productions II, Inc. is connected to the alleged conspiracy to skim cash from the gross receipts of TAF. Notice at 4-5. However, the conduct at Abdul Productions II, Inc. is never alleged in the indictment to be a part of the conspiracy, so the Government's evidence cannot be intrinsic to that crime. Because the evidence tends to show Defendant's opportunity, knowledge, intent, and/or plan to commit the crimes charged in the indictment, however, it is admissible under Rule 404(b).

C.   **Alleged Failure to Pay Proper D.C. Sales and Employment Tax**

The last category of evidence the Government seeks to introduce is evidence that while Defendant engaged in the activities alleged in the indictment, he also was failing to pay proper sales and employment taxes to the District of Columbia government. *See* Notice at 5. The Government contends that Defendant's past tax history is relevant to prove his intent to willfully file false tax returns. *Id.* That relevance, however, does not make the evidence intrinsic to the

7

crimes charged, and the Government barely makes any argument in support of this point. The Court finds that these other acts are just that—*other* acts.[2] As such, they may be admitted under Rule 404(b) so long as they are not solely to prove the Defendant's propensity to act in conformity with them. Defendant claims that evidence of prior corporate tax filings cannot be used to prove the intent of an individual. *See* Def.'s Opp'n at 7-8. However, the evidence the government seeks to introduce is of conduct nearly identical to that charged in the indictment—that Defendant willfully misreported to the IRS the wages paid by the corporations.[3] As such, the evidence is probative of the Defendant's knowledge and intent, and it is admissible under Rule 404(b).

**D.      Admissibility Under Rule 403**

Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Defendant contends that each of the three categories of evidence should be excluded on this basis. With respect to the evidence of cash payments to contractors, Defendant argues that the evidence will confuse the jurors because contractors cannot be easily compared to employees given the different tax obligations imposed

---

[2] Defendant notes that he has not been charged with any crimes relating to the filing *vel non* of District of Columbia employment and sales taxes.

[3] Defendant contends that the Government's cited cases do not support the view that a corporation's tax history may be used to prove the intent of an individual. Def.'s Opp'n at 7-8. But there is no such distinction apparent in the caselaw, which holds that "evidence need not relate to prior acts of precisely the same character, but is admissible as broadly probative of the defendant's attitude toward reporting and payment of taxes generally." *Baker v. United States*, 401 F.2d 958, 975 (D.C. Cir. 1968) (internal quotation marks and citations omitted).

on their payment. With respect to the pre-2002 cash payments to employees of Abdul Productions II, Inc., Defendant argues that this evidence will be duplicative of other evidence presented and confusing to the jurors, who may have difficulty distinguishing between the conspiracy alleged to have occurred at TAF and the prior acts the Government seeks to introduce at Abdul Productions II, Inc. Finally, Defendant argues that the evidence of alleged failure by Abdul Productions II, Inc. to pay D.C. sales and employment taxes will be confusing to the jurors and highly prejudicial to him.

The Court has considered these arguments, and based on the present record, the Court is unable to determine whether the Rule 404(b) evidence would unfairly prejudice Defendant, confuse the issues, or otherwise mislead the jury. Accordingly, the Court will reserve its final decision regarding what evidence is admitted under Rule 403 until trial. If admitted, the Rule 404(b) evidence will be admitted at the end of the government's case, which will allow the Court to weigh its probative value against any possible unfair prejudice in the context of the evidence presented at trial. Furthermore, the Court will give a limiting instruction to the jury as to the purpose of the Rule 404(b) evidence and how the jury is to consider it. In making its final decision with respect to Rule 403, the Court shall consider the manner in which the Government intends to present the Rule 404(b) evidence and the effectiveness of any proposed limiting instructions.

/

/

/

/

/

## III. CONCLUSION

For the foregoing reasons, the Court shall conditionally admit the Government's proposed evidence pursuant to Federal Rule of Evidence 404(b) and reserve its judgment as to Defendant's objections under Federal Rule of Evidence 403. An appropriate order accompanies this Memorandum Opinion.

Date: October 16, 2009

                                                 /s/ Colleen Kollar-Kotelly
                                                 **COLLEEN KOLLAR-KOTELLY**
                                                 United States District Judge